IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES RAYMOND DIETZ, SR. | * | |
| | * | |
| v. | * | Civil No. JFM-01-3292 |
| | * | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY | * | |
| | ***** | |

MEMORANDUM

Plaintiff, who is representing himself, and Connecticut General Life Insurance Company ("Connecticut General") have filed motions for summary judgment.[1] Plaintiff's motion will be denied, and Connecticut General's will be granted.[2]

The gravamen of plaintiff's claims is that Connecticut General has wrongfully honored a notice of levy from the Internal Revenue Service directing Connecticut General to forward all pension payments payable to plaintiff to the IRS as those payments become due. To the extent that plaintiff has asserted state law claims, they are preempted by ERISA. More fundamentally, federal law imposes upon a person receiving a levy from the IRS to surrender the property of the

---

[1] The defendant originally named in the complaint was CIGNA Retirement Investment Services, a marketing name used by Connecticut General and other CIGNA companies. CIGNA Retirement Services has filed a motion to dismiss that I will grant. However, the order of dismissal will substitute Connecticut General as a defendant (which has, as I have already indicated, filed a motion for summary judgment of its own).

[2] The case was originally filed in the Maryland District Court, a small claims court. When it was initially removed, in accordance with my routine practice in pro se cases arising under ERISA removed from the Maryland District Court, I indicated that I would appoint counsel to represent plaintiff. However, after reviewing Connecticut General's motion for summary judgment, I realized that this is not a usual ERISA case (in which removals from the Maryland District Court can be perceived as an abusive defense tactic warranting the appointment of counsel for plaintiff) but one involving the alleged improper collection of federal taxes (in which Connecticut General's removal is entirely appropriate). Accordingly, I changed my mind about appointing counsel for plaintiff and so advised the parties.

taxpayer subject to the levy to the IRS, <u>see</u> 26 U.S.C. §6332 (2001); <u>United States v. National Bank of Commerce</u>, 472 U.S. 713, 720-21 (1985); <u>Congress Talcott Corp. v. Gruber</u>, 993 F.2d 315, 318 (3d Cir. 1993). Any claim that the levy is wrongful must be asserted against the IRS itself, not against the person upon whom the notice of levy is served.[3]

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: _January 17, 2002_       _____
                               J. Frederick Motz
                               United States District Judge

---

[3]Plaintiff suggests that he is entitled to have his case heard by a three-judge district court. Such courts are authorized only in actions challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. 28 U.S.C. §2284. This case is obviously not such an action.

2